| | |
|---|---|
| In re:<br><br>ISOFOTÓN, S.A.,<br><br>　　　　Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 13-33826<br><br>Judge Whipple |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 15 PETITION
AND RECOGNITION OF FOREIGN MAIN PROCEEDING OF
<u>ISOFOTÓN, S.A. AND PROVISIONAL RELIEF UNDER 11 U.S.C. § 1519</u>**

Concursalia, S.L.P., as the duly authorized foreign representative (the "***Foreign Representative***") of Isofotón, S.A. (the "***Foreign Debtor***" or "***Isofotón***"), a company organized under the laws of Spain that is the subject of an insolvency proceeding (the "***Foreign Proceeding***") pending before the Mercantile Court (*Juzgado de lo Mercantil*) No. 2 in Málaga, Spain (the "***Foreign Court***"), by its undersigned United States co-counsel, Baker & McKenzie LLP and Squire Sanders (US) LLP, respectfully submits this memorandum of law (this "***Memorandum of Law***") in support of (i) the chapter 15 petition (the "***Petition***") and Verified Petition of Concursalia, S.L.P., as Foreign Representative of Isofotón, S.A., for Recognition of Foreign Main Proceeding (the "***Verified Petition***") filed concurrently herewith seeking recognition of the Foreign Proceeding as a "foreign main proceeding" and the Foreign Representative as the appointed "foreign representative" and (ii) the *ex parte* motion filed concurrently herewith seeking certain provisional, injunctive relief pursuant to section 1519 of title 11 of the United States Code, §§ 101-1532 (the "***Bankruptcy Code***").

## PRELIMINARY STATEMENT

The Foreign Representative has commenced this chapter 15 case for the purpose of obtaining relief that will aid in the reorganization of the Foreign Debtor in its Foreign Proceeding. Specifically, the Foreign Representative seeks recognition to protect and administer property of the Foreign Debtor located within the U.S. and stay certain actions pending in the U.S. against the Foreign Debtor that threaten to jeopardize the Foreign Debtor's reorganization efforts abroad.

There are currently two actions pending against the Foreign Debtor in the United States brought by Suniva, Inc. and Hemlock Semiconductor Group, Inc. ("***Hemlock***"). The action commenced by Hemlock seeks damages up to $96 million from the Foreign Debtor on account of a guarantee provided by the Foreign Debtor in favor of Hemlock. The Foreign Debtor's answer in such litigation is currently due on September 18, 2013. Participation in the lawsuit during the short time before the Court rules on the Petition would wastefully divert resources away from administration of the Foreign Proceeding. Moreover, in light of the Foreign Proceeding, the Foreign Representative and Foreign Debtor have not had adequate opportunity to evaluate the merits of the action and would be prejudiced from submitting an answer at this time.

Accordingly, concurrently herewith, the Foreign Representative has filed an *ex parte* request for provisional, injunctive relief pursuant to section 1519 of the Bankruptcy Code pending this Court's ruling on the Petition. This relief is necessary to avoid irreparable harm to the Foreign Representative's administration of the Foreign Proceeding.

Recognition of the Foreign Proceeding is needed to stay the pending litigation against the Foreign Debtor during the pendency of the Foreign Proceeding, in which all claims against the Foreign Debtor will be administrated. The Foreign Representative satisfies all of the

requirements for recognition set forth in sections 1515 and 1517 of the Bankruptcy Code. Moreover, granting recognition of the Foreign Proceeding and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts as embodied in chapter 15 of the Bankruptcy Code.

As discussed further below, this Court should grant the recognition and provisional injunctive relief sought by the Foreign Representative.

## FACTUAL BACKGROUND

The pertinent facts including, without limitation, the facts recited below, are set forth in the Verified Petition and the Declaration of José Manuel González Quintana, as representative of Concursalia, S.L.P, in Support of Chapter 15 Petition and Recognition of Foreign Proceeding of Isofotón, S.A., and Provisional Relief under 11 U.S.C. § 1519 (the "***Quintana Declaration***"), both of which were filed with this Court contemporaneously herewith, and are fully incorporated herein for all purposes.

## ARGUMENT

I. **Isofotón, S.A.'s Spanish Insolvency Proceeding Is Entitled To Recognition As A Foreign Main Proceeding Pursuant to Chapter 15 Of The Bankruptcy Code.**

   A. **All Requisite Papers Were Filed In This Court To Commence The Chapter 15 Case.**

This chapter 15 case was duly and properly commenced as required by sections 1504 and 1509 of the Bankruptcy Code by the filing of the Petition and the Verified Petition for recognition of a foreign proceeding under section 1515(a) of the Bankruptcy Code, accompanied by all documents and information required by sections 1515(b) and (c) of the Bankruptcy Code, including documents evidencing: (i) the commencement of the Foreign Proceeding by the Foreign Court, (ii) the appointment of the Foreign Representative by the Foreign Court; and (iii)

a statement identifying all foreign proceedings with respect to the Foreign Debtor that are known to the Foreign Representative. As set forth in the Statement Pursuant to Bankruptcy Rule 1007(a)(4) (the "*Statement*"), the Foreign Representative is not aware of any other foreign proceedings that are pending with respect to the Foreign Debtor.

Because the Petition and the Verified Petition satisfy the requirements set forth in sections 1515 and 1517 of the Bankruptcy Code, an order of recognition of the Foreign Debtor's foreign main proceeding and related relief should be entered as soon as possible.

### B. The Court Has Jurisdiction To Recognize The Foreign Proceeding And Grant The Relief Requested.

This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code and all core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334. A case under chapter 15 is a "case" under the Bankruptcy Code. *See* 11 U.S.C. § 1504. Recognition of foreign proceedings and other matters under chapter 15 of the Bankruptcy Code have expressly been designated as core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).

Venue is proper in this District. The Foreign Debtor's principal assets in the United States are located in Napoleon, Ohio, which is within this District. Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1410(1). In addition, it is respectfully submitted that venue in this District is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Petition, as provided by 28 U.S.C. § 1410(3).

In that venue is proper in this District, and this Court has jurisdiction over chapter 15 cases generally, this Court may properly consider the Petition and the Foreign Representative's request for recognition of the Foreign Proceeding and related relief.

### C. This Case Is Properly A Case Under Chapter 15.

Chapter 15 applies where, as here, assistance is sought in the United States by a foreign representative in connection with a foreign proceeding. *See* 11 U.S.C. § 1501(b)(1). One of the objectives of chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3). This chapter 15 case has been commenced for the purpose of obtaining the assistance of this Court to ensure the effective and economical implementation and administration of the Foreign Proceeding currently pending before the Foreign Court. Specifically, the Foreign Representative seeks implementation of, among other things, the "automatic stay" protecting the Foreign Debtor from the continuing litigation and restricting parties from taking action against the Foreign Debtor within the jurisdiction of the United States, which may undermine the unified, collective insolvency process that currently is taking place in the Foreign Court.

### D. This Case Concerns A Foreign Proceeding.

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of restructuring or liquidation.

11 U.S.C. § 101(23).

As more fully described in the Verified Petition and the Quintana Declaration, the Foreign Proceeding constitutes a statutory reorganization or liquidation of the Foreign Debtor's liabilities under the supervision of the Foreign Court in Spain. As such, the Foreign Proceeding is a collective judicial proceeding in a foreign country under a law relating to adjustment of debt in which the assets and affairs of the Foreign Debtor are subject to control or supervision by the

Foreign Court, and for the purpose of restructuring of the Foreign Debtor's debts. This chapter 15 case thus concerns a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

### E. This Case Was Commenced By A Foreign Representative.

This chapter 15 case was commenced by the duly appointed and authorized "foreign representative" of the Foreign Debtor. Section 101(24) of the Bankruptcy Code, defines a "foreign representative" in pertinent part as a "person or body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

The Foreign Representative is a "person" and therefore constitutes a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code. Section 101(41) of the Bankruptcy Code defines a "person" as "an individual, partnership, and corporation." Here, the Foreign Debtor is a foreign corporation. Further, the documentary evidence of the appointment of the Foreign Representative by the Foreign Court is attached as **Exhibit A** to the Quintana Declaration, which demonstrates that the Foreign Representative is duly appointed and is authorized to act as foreign representative with respect to the Foreign Debtor and the Foreign Proceeding. Accordingly, by virtue of its appointment by the Foreign Court, the Foreign Representative is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code and is therefore entitled to commence this case under chapter 15 of the Bankruptcy Code.

### F. The Foreign Proceeding Should Be Recognized As A Foreign Main Proceeding.

The Bankruptcy Code provides that a foreign proceeding for which chapter 15 recognition is sought is recognized as a "foreign main proceeding" if it is pending in the country

3226287-v5\                    -6-

13-33826-maw    Doc 3    FILED 09/16/13    ENTERED 09/16/13 15:53:12    Page 6 of 14

where the debtor has the center of its main interests. *See* 11 U.S.C. § 1517(b)(1). While the Bankruptcy Code does not define "center of main interests," it does provide that absent evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests. *See* 11 U.S.C. § 1516(c).

Spain is the center of the Foreign Debtor's main interests because: (i) the registered office of the Foreign Debtor is in Spain; and (ii) the principal place of business of the Foreign Debtor is in Spain. *See* Quintana Declaration at ¶ 5. The Foreign Debtor is managed and operated from its headquarters in Spain. Essentially, all decision making and corporate management functions occur at the Foreign Debtor's Spanish headquarters. The parent company of Isofotón, Affirma, is also a Spanish company. The directors and senior officers of Isofotón all reside in Spain, except for one director, Mr. Lee, who lives in Seoul, South Korea. The vast majority of the Foreign Debtor's assets are held in Spain. An important amount of the Foreign Debtor's customers are located in Spain. The Foreign Debtor also maintains the majority of its bank accounts in Spain. The Foreign Debtor does, however, own certain property located at a facility in Napoleon, Ohio.

Accordingly, absent evidence to the contrary, given that the Foreign Proceeding is pending in the center of the Foreign Debtor's main interests, it should be recognized as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code.

**G.     The Foreign Representative Is Entitled To An Order Granting Recognition.**

Recognition is not a discretionary remedy. Section 1517 of the Bankruptcy provides that: "subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding ***shall*** be entered if—such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; the foreign

representative applying for recognition is a person or body; and the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a) (emphasis added).

According to the legislative history of this section, "[t]he decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition." H.R. Rep. 109- 31(1), 109 Cong., Sess. 2005, reprinted in 2005 U.S.C.C.A.N. 88, 169 at 175.

Section 1506 of the Bankruptcy Code provides that "[n]othing in [Chapter 15] prevents the court from refusing to take an action governed by [Chapter 15] if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. This Court's recognition of the Foreign Proceeding would not be manifestly contrary to U.S. public policy. Indeed, granting recognition to the Foreign Proceeding would be consistent with the fundamental public policy of United States courts of extending comity to foreign proceedings. Moreover, the relief requested in the Verified Petition is consistent with, and critical to effectuate, the relief and protections provided by the Foreign Proceeding. In order to preserve the interest of the Foreign Debtor, it is imperative that all claims and distributions be administered uniformly in accordance with Spanish law. If creditors in the United States and elsewhere are not prevented from commencing actions against the Foreign Debtor or its property, the orderly determination and settlement of claims in the Foreign Proceeding may be jeopardized and estate resources may have to be expended unnecessarily to defend collection and other actions brought in the United States in contravention of the Foreign Proceeding.

As evidenced above, the Foreign Proceeding for which recognition is sought is a "foreign

main proceeding" within the meaning of section 1502 of the Bankruptcy Code, the Foreign Representative applying for recognition is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code, and the Petition and the Verified Petition meet the requirements of section 1515 of the Bankruptcy Code. Moreover, the Foreign Debtor satisfies the debtor-eligibility requirements of section 109(a) of the Bankruptcy Code because it owns assets located in Napoleon, Ohio.

Accordingly, under section 1517(a) of the Bankruptcy Code, the Court should enter an Order recognizing the Foreign Proceeding. 11 U.S.C. § 1517.

## II. The Provisional Relief Requested By The Foreign Representative Is Within The Scope of Section 1519 And Appropriate Under The Circumstances.

Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, the relief available under section 1521(a)(7), which in turn provides for any relief available to a trustee, subject to certain statutory exceptions. Although section 362 of the Bankruptcy Code would be applicable upon recognition of the Foreign Proceeding, this Court may grant such relief on a discretionary basis in order to preserve the estate during the pendency of the Petitions. *In re KPMG Inc., Foreign Representative of Redcorp Ventures Ltd. and Redfern Resources Ltd.*, No. 09-12019 (Bankr. W.D. Wa. March 9, 2009) (applying section 362 of the Bankruptcy Code on a provisional basis pursuant to section 1519 of the Bankruptcy Code to the actions of all creditors against the petitioners and their property located within the US); *In re MAAX Corporation et al.*, No. 08-11443 (Bankr. D. Del. July 14, 2008) (applying section 365(e) of the Bankruptcy Code on a provisional basis pursuant to section 1519 of the Bankruptcy Code to protect against contract termination); *In re Pro-Fit Holdings Limited*, No. 08-17043, (Bankr. C.D. Cal., July 10, 2008) (holding in a chapter 15 case that pursuant to section 1519 of the Bankruptcy Code, sections 361 and 362 of the Bankruptcy Code applied to the foreign debtor's

US assets pending the court's hearing on recognition of the foreign debtor's foreign proceeding); *In re Destinator Technologies, Inc. et al.*, No. 08-11003 (Bankr. D. Del. May 20, 2008) (granting an injunction and applying sections 363 and 364 of the Bankruptcy Code on a provisional basis pursuant to section 1519 of the Bankruptcy Code); *In re Madill Equipment Canada*, No. 08-41426 (Bankr. W.D. Wa. April 3, 2008) (applying sections 361 and 363 on a provisional basis); *In re ROL Manufacturing (Canada) Ltd., et al.*, No. 08-31022 (Bankr. S.D. Ohio March 14, 2008) (granting an injunction through application of section 1519 of the Bankruptcy Code).

Relief under section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief. In the Sixth Circuit, the four factors considered are: "(i) whether the defendant has a strong or substantial likelihood of success on the merits; (ii) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (iii) whether staying the district court proceedings will substantially injure other interested parties; and (iv) where the public interest lies." *Baker v. Adams County/Ohio Valley Sch. Bd*, 310 F.3d 927, 928 (6th Cir. 2002); *see also Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (same); *Fifth Column, LLC v. Village of Valley View*, 2000 U.S. App. LEXIS 15065, *23 (6th Cir. Ohio June 13, 2000) (citing *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)) ("[t]he four factors which must be considered and balanced [when determining whether a motion for preliminary injunction should be granted] are: 1) the likelihood of the plaintiff's success on the merits; 2) whether the plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction if granted; and 4) whether the injunction would serve the public interest."). In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue

any order… necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

### A. The Foreign Representative Has Demonstrated A Substantial Likelihood That The Foreign Proceeding Will Be Recognized As A "Foreign Main Proceeding."

For the reasons set forth in the Petition, Verified Petition, and this Memorandum of Law, the Foreign Representative has amply demonstrated a substantial likelihood that the Foreign Proceeding will be recognized as a "foreign main proceeding" pursuant to the requirements of section 1517 of the Bankruptcy Code.

### B. The Foreign Representative Will Suffer Irreparable Harm If The Provisional Relief Is Not Granted.

If not stayed, litigation pending against the Foreign Debtor in the U.S. could interfere with the orderly administration of the Foreign Proceeding. It has been consistently held that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). It has also been held that harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). Finally, irreparable harm has been found where allowing litigation to go forward would (i) threaten the assets of a foreign estate, (ii) subject a foreign representative to a default judgment, and (iii) divert funds needed for the purpose of maximizing value for the estate's creditors. *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C 1991); *see also In re Muscletech Research and Development Inc. et al.*, Nos. 06-civ-538 and 539 (S.D.N.Y. February 7, 2006) (continuing "stay" issued by Bankruptcy Court so long as parties demonstrated progress towards the formulation of a global settlement and plan under the CCAA).

Here, the request made by the Foreign Representative satisfies each of these criteria. If creditors in the U.S. are not enjoined from commencing or continuing actions against the Foreign Debtor, the assets of the Foreign Debtor in the United States may be prematurely "pieced out" and "the orderly determination of claims and the fair distribution of assets" in the foreign proceeding will be severely disrupted.  Moreover, defending litigation here in the U.S. would certainly require the Foreign Representative and/or Foreign Debtor to expend resources that could otherwise be directed towards its reorganization efforts in the Foreign Proceeding.  Here, given the September 18, 2013 deadline for the Foreign Debtor to file an answer in a $96 million lawsuit, a stay is needed immediately.  Given its efforts in the Foreign Proceeding, the Foreign Representative has not had sufficient time to evaluate the claims asserted in such litigation and would be severely prejudiced by having to present a defense at this time.

**C.      Other Parties Will Not Be Harmed By The Provisional Relief Requested.**

Section 362 of the Bankruptcy Code is expressly incorporated into chapter 15 upon recognition as a foreign main proceeding.  The Foreign Representative is merely requesting that the automatic stay apply in advance of a hearing on the Petition given that the required notice of such hearing would necessitate a hearing date after the deadline to file an answer in pending litigation against the Foreign Debtor.  There is thus no real harm to the litigation parties from the provisional relief requested being granted.  The stay is inevitable if the Petition is granted.  The only impact of the provisional relief is that it will excuse the Foreign Debtor from having to obtain counsel to prepare and a file an answer in litigation that will be stayed in any event upon recognition.

### D. The Provisional Relief Requested Is In The Public Interest.

The purpose of chapter 15 is to assist a foreign representative in connection with a foreign proceeding, to among other things, provide for "fair and efficient administration of cross-border insolvencies that protect the interests of all creditors" and "protect[] and maximize[] the value of the debtor's assets." *See* 11 U.S.C. § 1501(a)-(b). Here, applying the automatic stay to pending actions against the Foreign Debtor in the U.S. furthers these objectives. The stay will also preserve the judicial resources of the courts in which such actions are pending.

### CONCLUSION

The Foreign Proceeding qualifies for recognition as a foreign main proceeding. The Foreign Representative is the appropriate "foreign representative" to commence this chapter 15 proceeding. The Foreign Representative is further entitled to provisional relief pursuant to section 1519 of the Bankruptcy Code to apply section 362 of the Bankruptcy Code to this chapter 15 case until such time as the Court disposes of the Petition.

Dated: September 16, 2013

*/s/ Peter R. Morrison*

Peter R. Morrison (No. 0085127)
Squire Sanders (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Facsimile: (216) 479-8780

and

Nava Hazan
Squire Sanders (US) LLP
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 872-9800
Facsimile: (212) 872-9815

and

David F. Heroy
Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8000
Facsimile: (312) 861-2899

*Attorneys for the Foreign Representative*