**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 23 2013**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## TOLEDO DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| ISOFOTÓN, S.A., | Case No. 13-33826 |
| Debtor in a Foreign Proceeding. | Judge Mary Ann Whipple |

### ORDER GRANTING RECOGNITION OF
### FOREIGN MAIN PROCEEDING OF ISFOTÓN, S.A.

A hearing having been held before this Court on October 21, 2013 (the "*Hearing*") to consider the chapter 15 petition (the "*Petition*"), the Verified Petition of Concursalia, S.L.P., as Foreign Representative of Isofotón, S.A., For Recognition of Foreign Main Proceeding (the "*Verified Petition*") relating to a foreign insolvency proceeding (the "*Foreign Proceeding*")

currently pending before the Mercantile Court (*Juzgado de lo Mercantil*) No. 2 in Málaga, Spain (the "**Foreign Court**") with respect to Isofotón, S.A. (the "**Foreign Debtor**"), a company organized under the laws of Spain; and upon this Court's review and consideration of the Petition and the Verified Petition and all documents filed in support thereof on behalf of the Foreign Debtor; and this Court having concluded that appropriate and timely notice of the filing of the Petition and the Verified Petition has been given in light of the circumstances; and the Hearing having been held; and upon the record of the statements made by interested parties at the Hearing and the affidavits and declarations filed of record in this case; and after due deliberation and sufficient cause appearing therefore, this Court finds and concludes as follows:

A.  This Court has jurisdiction over this case under chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (the "**Bankruptcy Code**") pursuant to 28 U.S.C. §§ 157 and 1334.

B.  This case under chapter 15 has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Petition and this Verified Petition for recognition of the Foreign Proceeding under section 1515 of the Bankruptcy Code.

C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.  Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

E.  The Foreign Representative is a "foreign representative" and a body within the meaning of sections 101(24) and 1517(a)(2) of the Bankruptcy Code.

F.  The Foreign Proceeding currently pending before the Foreign Court for the Foreign Debtor constitutes a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

G.  The Foreign Proceeding is pending in Spain, which is where the center of main

interests of the Foreign Debtor is located, and is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code and under section 1517(b)(l) of the Bankruptcy Code.

H. The Foreign Representative is the duly appointed foreign representative of the Foreign Debtor, as required by section 101(24) of the Bankruptcy Code.

I. The Petition and the Verified Petition meet the requirements of section 1515 of the Bankruptcy Code.

J. The Foreign Proceeding is entitled to recognition as a foreign main proceeding under section 1517 of the Bankruptcy Code.

K. The Foreign Representative is entitled to all of the relief provided under section 1520 of the Bankruptcy Code without limitation.

L. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1517 and 1520 of the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Foreign Proceeding is recognized as a foreign main proceeding under section 1517(b)(l) of the Bankruptcy Code.

2. All persons and entities (other than the Foreign Representative and its expressly authorized representatives and agents) are hereby enjoined from each of the following: (i) executing against the Foreign Debtor's assets located in the U.S.; (ii) taking or continuing any act to obtain possession of, or exercise control over, the Foreign Representative in connection with its representation of the Foreign Debtor, the Foreign Debtor, or any of the Foreign Debtor's property in the U.S. (the "***Property***"); (iii) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Foreign Representative

in connection with its representation of the Foreign Debtor, the Foreign Debtor or any of the Property; (iv) transferring, relinquishing or disposing of any Property of the Foreign Debtor to any person or entity other than the Foreign Representative and its expressly authorized representatives and agents; (v) commencing or continuing any proceedings, including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, appeal proceeding or process whatsoever, against the Foreign Representative in connection with its representation of the Foreign Debtor, the Foreign Debtor or any of the Property; (vi) seeking discovery of any nature against the Foreign Representative in connection with its representation of the Foreign Debtor or the Foreign Debtor; and (vii) managing, exercising control over, or possessing the Property except as expressly authorized by the Foreign Representative.

3. The Foreign Representative is hereby established as the exclusive representative of the Foreign Debtor in the U.S. with the exclusive authority to administer the Foreign Debtor's assets and affairs in the U.S.

4. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

5. No action taken by the Foreign Representative, the Foreign Debtor or each of their successors, agents, representatives, advisers or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Foreign Proceeding, this Order, or this chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the

immunity afforded such person under sections 306 and 1510 of the Bankruptcy Code.

6. The Foreign Representative shall file a status report with this Court on or before January 15, 2014 to provide an update on the status of the Foreign Proceeding.

###

**Service To:**

Plaintiff in District Court Litigation
Hemlock Semiconductor Group
c/o Mary K. Griffith
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226

Co-Defendant in District Court Litigation
Global Sun Limited
120/4 The Strand,
Gzira, GZR 1027, Malta

Foreign Representative
Jose Manuel Gonzalez Quintana
Concursalia, S.L.P.,
Foreign Representative for Isofoton, S.A.
Calle Severo Ocha
5 Parque Tecnologico de Andalucia-29590
Malaga, Spain

Office of the UST
Daniel M. McDermott
C/O Scott Belhorn
United States Trustee (Region 9)
201 Superior Ave. East, Ste 441
Cleveland, OH 44114

**Order Prepared and Submitted By:**

Peter R. Morrison (No. 0085127)
Squire Sanders (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500

Facsimile: (216) 479-8780

and

Nava Hazan
Squire Sanders (US) LLP
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 872-9800
Facsimile: (212) 872-9815

and

David F. Heroy
Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8000
Facsimile: (312) 861-2899

*Attorneys for the Foreign Representative*